[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13389
Non-Argument Calendar

_____

Docket No. 04-03460-CV-P-S

ANTONIO SALDANA HERNANDEZ,
SANDY HERMAN-HERNANDEZ.

Plaintiffs-Appellants,

versus

CITY OF HOOVER, ALABAMA,
JACOB R. PUGH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 31, 2006)**

Before ANDERSON, BIRCH and HILL, Circuit Judges.

PER CURIAM:

Appellants Antonio Saldana Hernandez (Mr. Hernandez) and Sandy Herman-Hernandez (Mrs. Hernandez) filed suit against appellees, The City of Hoover, Alabama (City), and, Police Officer Jacob Pugh (Officer Pugh), in his individual capacity, under 42 U.S.C. § 1983 for injuries that Mr. Hernandez allegedly sustained as the result the use of excessive force by Officer Pugh against him during Mr. Hernandez's arrest. The district court held that Officer Pugh had carried his burden on summary judgment of demonstrating that there were no material facts in dispute and that Officer Pugh was entitled to the protection of qualified immunity. Thereafter the district court entered judgment as a matter of law in favor of Officer Pugh on Mr. Hernandez's Section 1983 claim against him.

In this case, Officer Pugh and other police officers were attempting to gain control of multiple suspects after being called to a crime scene where a fight had transpired.[1] During his arrest, and after he was handcuffed, Officer Pugh kicked Mr. Hernandez in the back of the calf, termed a "PPCT strike" or "strike to the tibial nerve", after Mr. Hernandez, who stumbled around and smelled of alcohol, twice refused to comply with Officer Pugh's commands to sit down, issued first in

_____

[1] Because an assault had occurred, the officers, with weapons drawn, used the technique of ordering the suspects to face away from the officers as they exited the vehicle, known as a "felony take down" approach.

2

English and then in Spanish. Apparently Mr. Hernandez suffered a fractured ankle and a torn ligament as a result of the kick and claims that, in so doing, Officer Pugh used excessive force.

Officer Pugh testified that the kick was appropriate in the circumstance, given the facts that two officers had weapons drawn; one officer was standing very near Mr. Hernandez; at least one suspect was on the ground; and at least one suspect was unrestrained and still sitting in the vehicle. Officer Pugh testified that, in assessing the uncontained situation at hand, that if Mr. Hernandez was not going to comply with two English verbal commands and two Spanish verbal commands to sit down, then he needed to be effectively forced to sit on the ground as quickly as possible.

We review the district court grant of summary judgment in favor of Officer Pugh *de novo*. *See Browning v. Peyton*, 918 F.2d 1516, 1520 (11th Cir. 1990). In this case the district court issued its opinion in a well-reasoned and well-written twenty-page order.

We have examined the record, read the briefs and the arguments of counsel contained therein and conclude, that based upon the thorough and correct analysis of the district court set forth in its order, that Officer Pugh has carried his burden on summary judgment of demonstrating that there are not material facts in dispute.

3

In addition, it is clear that the tibia strike used by Officer Pugh on Mr. Hernandez was purposeful and effective to force a non-compliant Mr. Hernandez, who smelled of alcohol, and twice refused to comply, to sit on the ground in order that the safety of other officers at the crime scene could be ensured.

We also agree with the judgment of the district court that Mr. Hernandez has failed to establish that Officer Pugh's actions constituted a constitutional violation. Therefore Officer Pugh is entitled to the protection of qualified immunity and the judgment of the district court is affirmed.

AFFIRMED.